IT IS SO ORDERED.

Dated:  November 13, 2025



Tiiara N.A. Patton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Patricia E. Thornhill, | Case No. 25-40517 (TNAP) |
| Debtor. | Judge Tiiara N.A. Patton |

**AMENDED ORDER DIRECTING ATTORNEY CARL JASON BAAB, ESQ.
TO APPEAR AND SHOW CAUSE WHY CERTAIN SANCTIONS SHOULD NOT BE
IMPOSED, INCLUDING, BUT NOT LIMITED TO, THE DISGORGEMENT OF
ATTORNEY FEES PURSUANT TO 11 U.S.C. § 329 AND RULES 2017(a) AND (b) OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO THE EXTENT THE
ATTORNEY FEES EXCEED THE REASONABLE VALUE
<u>OF SERVICES RENDERED</u>**

On May 1, 2025, Patricia E. Thornhill ("<u>Debtor</u>" or "<u>Ms. Thornhill</u>") filed a voluntary petition (ECF Docket No. 1) (the "<u>Petition</u>") for relief under chapter 13 of title 11 of the United States Code; Debtor is represented by Attorney Carl Jason Baab ("<u>Attorney Baab</u>"). On May 2, 2025, the notice scheduling the initial confirmation hearing for July 17, 2025, was filed. <u>See</u> ECF Docket No. 5. On June 17, 2025, Debtor filed the *Chapter 13 Plan* (ECF Docket No. 13) (the "<u>Plan</u>"). Immediately after the filing, on June 18, 2025, the Court entered the *Notice of Filing*

*Deficiency* (ECF Docket No. 14) based upon Debtor's failure to file a certificate of service evidencing that the Plan had been served upon all creditors. The chapter 13 trustee (the "Trustee") filed an objection (ECF Docket No. 16) (the "Objection") to the Plan because, *inter alia*, the Plan failed to provide a specific dividend distribution to general and included language regarding the treatment of Debtor's tax refunds post-confirmation. Attorney Baab failed to appear at the initial confirmation hearing on July 17, 2025; therefore, and the confirmation hearing was adjourned to August 14, 2025. See ECF Docket Entry Dated July 17, 20025. On the request of the parties, the confirmation hearing was the further adjourned without hearing to September 11, 2025.

At the adjourned confirmation hearing (the "Hearing"), on September 11, 2025, Attorney Baab and his client, Ms. Thornhill, appeared. Attorney Baab stated that he has become overwhelmed with his practice and that the issues would be cured if the Court further adjourned the confirmation hearing to another hearing date. Based on the representation made by Attorney Baab at the Hearing, including that Debtor intended to file an amended chapter 13 plan and would provide all outstanding information and document requests to the Trustee, the confirmation hearing was adjourned to September 25, 2025. Also, the Court entered the order *Debtor to (I) File Amended Chapter 13 Plan and Related Documents And (II) Provide to Chapter 13 Trustee All Outstanding Documents and Information on or Before Thursday, September 18, 2025* (ECF Docket No. 21).

On September 18, 2025, Attorney Babb filed a *First Amended Chapter 13 Plan* (ECF Docket No. 22) (the "First Amended Plan"). The Trustee filed the Objection *to Confirmation of Debtor's First Amended Plan* (ECF Docket No. 24) where he opposed confirmation based on the Debtor's failure to identify a dividend distribution for holders of general unsecured claims and failure to either object to the LCS Financial Service's claim or amend the plan to provide for the treatment of LCS Financial Services claim.

In advance of the Continued Hearing (defined below), Debtor filed the *Second Amended Chapter 13 Plan* (ECF Docket No. 26) (the "Second Amended Plan"). At the continued confirmation hearing (the "Continued Hearing"), on September 25, 2025, Attorney Baab appeared. At the hearing Attorney Baab apologized to the Court for failing to cure the Plan issues in advance of the Continued Hearing but stated that *Second Amended Plan* had been filed and that a notice of hearing would be filed either that date or the next day. Attorney Baab articulated the confirmation issues, stated that he was aware of them, and outlined how the *Second Amended Plan* was amended to resolve those hurdles to confirmation. Based on the *Second Amended Plan* being filed, and the representations made by Attorney Baab to the Court, the confirmation hearing was again adjourned to October 23, 2025.

On September 26, 2025, the Court entered the *Notice of Filing Deficiency* (ECF Docket No. 26) based upon Debtor's failure to include a notice for hearing and to comply with the notice and service requirements of the Federal Rules of Bankruptcy Procedure. Thereafter, on October 14, 2025, Attorney Baab filed the *Third Amended Chapter 13 Plan* (ECF Docket No. 28) (the "Third Amended Plan"). However, the Third Amended Plan was for another case and another debtor; therefore, the Court entered a *Notice of Deficiency* (ECF Docket No. 30). The Trustee filed the *Objection to Confirmation of Debtor's Second Amended Plan* (ECF Docket No. 31) asserting that the Plan does not provide for the treatment of Debtor's creditor LCS Financial and does not include the dividend distribution to be paid to unsecured creditors.

At the adjourned confirmation hearing, on October 23, 2025, on the *Second Amended Plan* and Trustee's objections to the *Second Amended Plan*, Attorney Baab failed to appear.

On October 30, 2025, this Court entered its *Order Directing Attorney Carl Jason Baab to Appear and Show Cause Why Certain Sanctions Should Not Be Imposed Including, But Not Limited to, the Disgorgement of Attorney Fees Pursuant to 11 U.S.C. §329 and Rules 2017(a) and (b) of the Federal Rules of Bankruptcy Procedure to the Extent the Attorney Fees Exceed the Reasonable Value of Services* (ECF Docket No. 33), directing Attorney Baab and the managing partner of Melissa Graham-Hurd & Associates, LLC to appear in person at a show cause hearing scheduled for November 6, 2025 (the "Show Cause Hearing").

On November 5, 2025, Attorney Baab, on behalf of the Debtor, filed a *Motion of Debtor to Voluntarily Dismiss Chapter 13 Case Pursuant to 11 U.S.C. §1307(b)* (ECF Docket No. 35) (the "Motion to Dismiss"). In the *Affidavit in Support of Dismissal* filed as an Exhibit to the Motion of Dismiss, Debtor states that, after consultation with her counsel Attorney Jason Baab, "I have decided that I do not wish to continue this case **without representation**, which is a possibility given the issues." Motion to Dismiss, Exhibit 1 (emphasis added)

Attorney Baab did not appear at the Show Cause Hearing in person as directed. Instead, Attorney Melissa Graham-Hurd appeared via Zoom after being contacted by Court staff to inform her of the Show Cause Order.

Based on the foregoing,

**IT IS HEREBY ORDERED THAT:**

1. On **Thursday, January 29, 2026, at 2:00 P.M.** (the "Adjourned Show Cause Hearing") Attorney Carl Jason Baab is directed to appear ***in person*** and show cause why this Court should not (i) disgorge and/or modify any attorney fees received by Attorney Baab in connection with the case pursuant to 11 U.S.C. § 329 and Rules 2017(a) and (b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") to the extent the attorney fees exceed the

4

reasonable value of services rendered, and/or (ii) impose other appropriate sanctions based on the facts of this case.

        2.        On or before **Wednesday, January 22, 2026,** Attorney Baab shall file a statement showing cause why this Court should not (i) disgorge and/or modify any attorney fees received by Attorney Baab in connection with the case pursuant to 11 U.S.C. § 329 and Bankruptcy Rules 2017(a) and (b) to the extent the attorney fees exceed the reasonable value of services rendered, and/or (ii) impose other appropriate sanctions based on the facts of this case; and (iii) outlining what him and the law firm of Melissa Graham-Hurd & Associates have done to reduce his feeling of being overwhelmed by his practice that he communicated to this Court at the September 11, 2025 hearing.

        3.        The Court will conduct the Adjourned Show Cause Hearing in person at the United States Bankruptcy Court, Nathaniel R. Jones Federal Building & U.S. Courthouse, 10 East Commerce Street, Youngstown, Ohio 44503-1621. Unless otherwise ordered by the Court, any party who will not be presenting evidence or argument may request to appear virtually via video conference using the Zoom Video Communications (Zoom) application. Parties requesting a Zoom appearance shall review *Judge Patton's Procedures for Appearing for Hearing via Zoom Video Communications (Effective August 21, 2023)* memorandum for procedures on how to request a Zoom appearance and Zoom log-in information. The memorandum is located on Judge Patton's webpage on the Court's website.

        4.        Persons without video conferencing capabilities must immediately contact Evelyn Ross, Judge Patton's Courtroom Deputy, at (330) 742-0950 to make alternative

arrangements.  Absent emergency circumstances, such arrangements must be no later than three (3) business days prior to the hearing.

# # #

**Service List:**
Carl Jason Baab
Melissa Graham-Hurd & Associates
4030 Massillon Rd, Suite B
Green, OH 44685


Patricia E Thornhill
136 Sherman St
Lisbon, OH 44432-0000